**FILED**

JUN 1 2 2024

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

[1] PAULETTE TAYLOR, INDIVIDUAL, MOTHER
and NEXT FRIEND of G.G, III, A MINOR

Plaintiff,

v.

[1] City of Tulsa POLICE DEPARTMENT

[2] Derrick ALEXANDER ID 1733 DV: SD
    in his official, individual, and personal capacity

Defendant.

**Jury Trial Demanded**

Case No: 24 CV - 2 8 1 SEH - CDL

**CIVIL Complaint**

## COMPLAINT

1. COMES NOW the Plaintiff, Paulette Taylor, INDIVIDUALLY, as MOTHER and NEXT FRIEND of G.G.III, a MINOR ( hereinafter referred to as "Plaintiffs") brings This civil Complaint against the Defendant, City of Tulsa Police Department, and Derrick Alexander ID1733 ( hereinafter referred to as "Defendants" ), and allege as follows:

## PARTIES

2. Plaintiff, Paulette Taylor Obo G.G., III, a Minor, resides in Tulsa County, State of Oklahoma.
3. Defendant, the City of Tulsa Police Department also known as ("The City") is the principal law enforcement agency for Tulsa, Oklahoma, United States.
4. Derrick Alexander, ID 1733 Division SD is an active employee of the City of Tulsa

1

ifp, ☒ summons

The Police Department is on information and belief a resident of Tulsa, Tulsa County, Oklahoma.

## JURISDICTION and VENUE

5. This Northern District Court of Oklahoma has jurisdiction over this action pursuant 28 U.S.C. § 1331 and 1343(a) (3) and (4), as this action arises under the laws of the United States.

6. This court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 28 U.S. Code § 2201 and U.S.Code § 2202

7. All actions were committed by the parties located in Tulsa County, State of Oklahoma Pursuant to 28 U.S.C. § 116(a), Tulsa County is within federal judicial served by the United States District Court of Northern District of Oklahoma.

8. This Court has subject matter jurisdiction over the claims asserted by Plaintiff and personal jurisdiction over the parties to this action and "venue" is proper.

9. **28 U.S.C. § 1367** grants federal district courts the authority to hear both federal and state law claims in the same lawsuit.

10. Title IX is a federal law, and the violations of Title IX can be filed in this Federal Court due to claims involved are Federal rights violations.

11. The City of Tulsa Police Department receives Federal funds and is therefore subject to Title IX compliance rules.

12. City of Tulsa Police Department Tulsa County, Oklahoma is a public body corporate and is the only entity with a legal existence capable of suing and being sued under the Oklahoma Governmental Tort Claims Act.51 O.S.§ 156.

13. This civil action was filed within the statutory time limits under the Oklahoma Governmental Tort Claims Act.51 O.S.§ 156.

## NATURE OF CASE

14. This is a civil rights action seeking a Declaratory judgment and relief in the form of *Damages* and *Redress* against Defendant for committing acts, under the color of law, which deprived Plaintiff of his rights secured under the Constitution and laws of the United States. The defendant demonstrated a reckless disregard for the Plaintiff rights when Defendant conspired with, colluded, and planned together with Melissa Woolridge, principal, and Cheanani Arterberry, dean of students in Retaliation on September 7, 2022, when he made a surprise visit (out of jurisdiction) to Washington HS as a confidant and special friend to inform them that Plaintiff had expressed bullying concerns to fellow officer G. on September 2, 2022. As a result, Melissa Woolridge, the principal became enraged because the Plaintiff feared for his health and safety and therefore sought safety and protection from the Tulsa Police due to increased threats of violence ( bodily injury) due to Washington HS's abject failure to adhere to state and district-established safety and bullying policies. The Defendant conspired with the principal and dean of students by infringing upon by taking away the Plaintiff's civil rights of enjoyment (18 U.S.C. Section 241) to attend his school of choice for a free public education,

and depriving him of his equal protection under the law violating his Fifth and Fourteenth Amendment rights) by intentionally injuring the Plaintiff by falsely accusing him of fraudulent claims of sexual assault (sexual battery) BTW students "SBG" and "JDM", not speaking with the Plaintiff ( respondent) to gather as much information as to determine the alleged incident. Defendant ONLY took the accuser's word, not sure if the two students requested he write bogus police reports # 2022046565 and #2022046566 on September 7, 2022 @ 9:45 am with the intent to take away the Plaintiff's protected rights permanently, forever ban him from attending Washington HS. Melissa Woolridge willfully and falsely accused the Plaintiff of violating Title IX Sexual Harassment also known as Title IX of the Education Amendments of 1972, ("Title IX"), 20 U.S.C.§ 1681et seq., which prohibits discrimination based on sex in educational programs. However, Defendant colluding and conspiring together with the principal and dean of students to expel the Plaintiff by all means and at any cost. Defendant along with the principal and dean of students thought if the Defendant could write a police report of sexual assault (sexual battery) that could justify an emergency removal suggesting that Plaintiff was an eminent threat to the school and if Defendant says they called him to the school because of the danger the Plaintiff brings that would satisfy removing the the plaintiff from "BTW" permanently. The principal believed if they would accuse Plaintiff of Title IX Sex harassment and then they say the Defendant was called as

per. Title IX requirements beating it would work. The defendant did just that, however, failed to follow the Title IX procedure when law enforcement was called out. was robbed of his right to attend Washington HS on Septemeber 8, 2022 in the am. After the plaintiff was expelled and after the Defendant wrote two bogus reports. The Plaintiff contacted the Police to report the actions of Officer Alexander and was directed to Officer Supervisor Louis he said he would follow up with the Defendant (Alexander)and call the Plaintiff back. Supervisor Louis phoned back on September 9, 2022, after 7 pm and stated Officer Alexander said the Plaintiff should not have reported bullying to the police that's why they were doing what they were doing to the Plaintiff. After that conversation, the Plaintiff reported to the Police Internal Affairs, and Officer William White conversed with Defendant (Alexander) and in retaliation, Defendant returned to the school and reported the actions of Plaintiff again to the principal and dean of students and together, conspiring in agreement to ban the Plaintiff from the school so they could not obtain any witnesses to the alleged allegations. The plaintiff was not privy to knowing he was accused of sexual assault( sexual battery) until months later after continual begging. Officer Alexander NEVER ONCE CONVERSED with Plaintiffs. Detective Vermeer shared with Plaintiff that Alexander was called out to the school. On the other hand, the school campus police documented the Defendant Alexander made a surprise visit. The Defendant documented in a legal police document that the campus police spoke with both sexual assault victims on September 6, 2022.

They stated the Plaintiff had grabbed their genitals without their consent over a while. And "BTW" phoned the Defendant on Septemeber 7, 2022. On the other hand, the campus police stated on a legal document that she received a call from dispatch stating Defendant had arrived on September 7, 2022, and was allowed to view documents from the dean of student's investigation into the Plaintiff's bullying allegations which was completed on September 2, 2022, and once the investigation was complete the dean of students found the Plaintiff's allegations of physical assault as a result of bullying were true and accurate and a safety plan was established on September 6, 2022, during a ZOOMmeeting with the principal, dean, and other staff officials. It was when Defendant (Alexander) arrived on September 7, 2022@ 9:45 am That Plaintiff was deprived of his civil rights enjoyment to attend BTW around 10:50 am September 8, 2022, as the result of Defendant (Alexander) collusion with the principal. When the Plaintiff arrived to pick her minor Plaintiff up from school after receiving a call that he was suspended and deprived of due process. Melissa Woolridge asked the Plaintiff did she called the Police Plaintiff replied YES! The Defendant did not involve the Plaintiff in the investigation, they refused to say what Plaintiff was accused of. Defendant robbed the Plaintiff of sharing his side of the story ( Fifth and Fourteenth Amendment)However, Detective Vermeer stated the victims chose not to move forward while refusing to interview the accused who is the real victim. The Defendant mission was accomplished. Instead of protecting citizens, the Defendant conspired with BTW to deprive him of his civil rights



to attend his school of choice. The Defendant failure to be honest in his police reporting and writing on a police report that he was radio assigned to BTW and received information on September 7, 2022 is misconduct. And wrote two more reports as an Adverse reaction toward the Plaintiff for reporting him Internal Affairs. The school states The defendant returned to the school and wrote two additional reports for a total of four. As a result of the Defendant's civil rights conspiracy, 18 U.S.C. Section 241, retaliation, and his unreasonable misconduct and deliberate malicious prosecution of the minor, Plaintiff has been forced to suffer his civil rights being violated and being denied to attend school pursuant Oklahoma Education Act,70 O.S.§ 10-105 as though he committed a violent act or showed deliberate and/or reckless disregard for health and safety according to Oklahoma Statue § 70-24-101.3 and Oklahoma Statue § 21-1378. The Defendant violated the Plaintiff's First, Fifth, and Fourteenth Amendment rights of 42 U.S.C. §198 of the U.S. Constitution. Along with colluding with Melissa Woolridge, principal, and Dean Arterberry deliberately, deprived the Plaintiff of his Civil right to a free quality education and equal opportunity in learning an an environment that best fits his needs to aspire, achieve, participate in, and maximize ability, thereby, improving and increasing his outcomes to indubitably contribute to society. This was all done under the color of law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that Defendant's actions violated G.G., III's rights Civil Rights Conspiracy

B. Enjoin Defendant from further violating G.G., III's rights under Title IX; Injunction Redress the damage caused by the initial violation.

C. Award compensatory damages to G.G., III for his loss of free public education the past two years, pain and suffering, and mental anguish, humiliation, embarrassment, and emotional abuse;

D. Declaratory Judgment that Defendant violated Plaintiff's rights under the U.S. Constitution's First, Fifth, Sixth, and Fourteenth Amendments rights, and all such violations.

E. Compensation for all damages entitled to causes of retaliation, defamation, due process violations, Civil rights conspiracy, Intentional Discrimination, Okla. Stat. Tit.25 §1101-1706 and breaches of constitutional rights.

F. Grant such other and further relief as this Court deems equitable.

Respectfully submitted,

*[signature]*

Dated: June 5, 2024

Paulette Taylor Obo G.G.III a minor
7521 S.Olympia
West#1010
Tulsa, Oklahoma 74132
United States
918-902-5873
1georgegibbs@gmail.com



RECEIVED
CITY OF TULSA
LEGAL DEPARTMENT
2023 SEP 12 AM 09:52

Exhibit 1 tort filed

Attention:

CITY CLERK

175 East Second Street Suite 260

Tulsa, Oklahoma 74103

---

1 *Oklahoma Governmental Tort Claims Act, 51 O.S. §156 et seq.*

**RE: TPD OFFICER DEREK ALEXANDER SEPTEMBER 12, 2023 RETALIATION- DEFAMATION- DISCRIMINATION IN COLLUSION with WASHINGTON HIGH SCHOOL against GEORGE GIBBS and PAULETTE TAYLOR**

FILED
OFFICE OF THE CITY CLERK
CITY OF TULSA, OKLAHOMA



Exhibit 2 tort filed

RECEIVED
CITY OF TULSA
LEGAL DEPARTMENT
2023 SEP 12 AM 9:52